IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| RAPHEAL M. STEVENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARTIN O'MALLEY,[1] )<br>*Commissioner of the* )<br>*Social Security Administration*, )<br>)<br>Defendant. )<br>) | No. 8:22-cv-04301-DCN<br><br>ORDER |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"), ECF No. 20, that the court affirm the Commissioner of Social Security's (the "Commissioner") decision denying claimant Rapheal Stevens's ("Stevens") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R in full and affirms the Commissioner's decision.

## I. BACKGROUND

**A. Procedural History**

Stevens filed an application for DIB on February 24, 2020, alleging that he has been disabled since June 30, 2014. ECF No. 8, Tr. 249–50. The Social Security Administration (the "SSA") denied Stevens's application initially on October 9, 2020, Tr. 113, and upon reconsideration on May 13, 2021, Tr. 149. Stevens requested a hearing

---

[1] Martin O'Malley was sworn in as Commissioner of Social Security on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this case.

1

before an administrative law judge ("ALJ"), and ALJ Richard LaFata presided over a telephonic hearing held on November 10, 2021. Tr. 35–97. In a decision issued on January 27, 2022, the ALJ determined that Stevens was not disabled within the meaning of the Act from June 30, 2014, through the date of the decision. Tr. 12–34. Stevens requested review of the ALJ's decision by the Appeals Council, and on September 26, 2022, the Appeals Council denied Stevens's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. 1–11.

On November 29, 2022, Stevens filed a complaint in this court seeking judicial review of the ALJ's administrative determination. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Austin. On January 25, 2024, the magistrate judge issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 20, R&R. Stevens filed objections on February 8, 2024, ECF No. 21, to which the Commissioner replied on February 16, 2024, ECF No. 23. As such, the matter has been fully briefed and is ripe for the court's review.

**B.  Medical History**

The parties are familiar with Stevens's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of the Commissioner's objections to the R&R.

Stevens alleges a disability onset date of June 30, 2014, when he was thirty-two years old. Tr. 28. Stevens alleged a disability due to back pain, lumbar radiculopathy, neck pain, diabetes, polyneuropathy, left arm pain, and depression. Tr. 99. Stevens

previously worked as a dock hand performing maintenance work on shipping containers. Tr. 28, 48, 60. At the ALJ hearing, Stevens indicated that in the fifteen-year period prior to his on-the-job injury, he worked exclusively as a container maintenance mechanic, with job duties that included welding, repairing floors, and working on chassis. Tr. 57–61.

### C. The ALJ's Decision

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity ("RFC")) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the

Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992), as amended (May 5, 1993)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Stevens was disabled from his alleged onset date of June 30, 2014, the ALJ employed the statutorily required five-step evaluation process in the January 27, 2022 decision. Tr. 12–34. At the first step, the ALJ found Stevens did not engage in substantial gainful activity since his alleged onset date of June 30, 2014. Tr. 17. At the second step, the ALJ found that Stevens has the following severe impairments: degenerative disc disease of the cervical and lumbar spine. Tr. 17. At the third step, the ALJ found that Stevens does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the SSA's Listing of Impairments, 20 C.F.R. § 404.1520(d), et seq. Tr. 19. Before reaching the fourth step, the ALJ determined that Stevens retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. [§] 404.1567(a) except lifting, carrying, pushing, or pulling 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours; standing or walking for 2 hours; operation of hands controls would be frequent on the left and frequent on the right; push/pull as much as can lift/carry. He is further limited to occasionally reaching overhead on a bilateral basis and performing all other reaching frequently and bilaterally; as well as frequently and bilaterally handling, fingering, or feeling items. He can climb ramps and stairs, balance, stoop, kneel, and crouch occasionally but can never climb ladders, ropes, or scaffolds or crawl. He can never work at unprotected heights and must avoid concentrated exposure to extreme cold and to tools and work processes that would expose the claimant to vibration on a concentrated basis as to the upper and lower extremities. He would require the use of a handheld assistive device in the nature of a cane for prolonged ambulation and for ascending or descending slopes or for traversing over uneven terrain. He would need a sit/stand option defined as a brief postural change at or near the workstation, no more

>frequently than up to twice an hour and a duration no greater than up to 5 minutes each. His time off task would be accommodated by normal breaks.

Tr. 20. Based on the RFC, at the fourth step, the ALJ found that Stevens is incapable of performing any past relevant work. Tr. 28. Finally, at the fifth step, the ALJ found that based on Stevens's age, education, work experience, and RFC, the transferability of job skills is not material to the determination of disability because the framework supports a finding that Stevens is "not disabled" whether or not he has transferable job skills. Tr. 28. Alternatively, the ALJ found that Stevens can make a successful adjustment to other work that exists in significant numbers in the national economy, including work as a waxer, final assembler, and document preparer. Tr. 28–29. Therefore, the ALJ concluded that Stevens was not disabled under the meaning of the Act during the period at issue.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for

clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).  Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard.  Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).  Ultimately, reversing the denial of benefits is appropriate only if either the ALJ's determination is not supported by substantial evidence on the record, or the ALJ made an error of law.  Id. at 517.

### III.   DISCUSSION

In his initial brief, Stevens presented two arguments on why the ALJ's decision was not supported by substantial evidence. ECF No. 16 at 1. First, he argued that the ALJ erred in his evaluation of the opinion evidence provided by Dr. Jeffrey Buncher ("Dr. Buncher"), Stevens's treating pain management physician. Id. Second, he argued that the ALJ erred in his findings regarding Stevens's RFC. Id. Both grounds relate to the same subject matter: the ALJ's evaluation of Dr. Buncher's opinions and the effect that evaluation had on the ALJ's findings regarding Stevens's RFC. Id. at 14. Stevens argued that the ALJ failed to "articulate any specific evidence that undermined Dr. Buncher's opinions in [the disability evaluation form, Tr. 744, and job description assessments, Tr. 738–42]." Id. at 17. Thus, Stevens argued that the "ALJ did not comply with the provision of 20 C.F.R. § 404.1520c in his evaluation of Dr. Buncher's opinions." Id. Consequently, the ALJ performed "a flawed legal analysis." Id.

The Commissioner responded and contended that the ALJ's decision properly weighed the evidence and conflicting testimony from Stevens's consultative examinations with physicians. ECF No. 17 at 1. Moreover, the Commissioner emphasized that the "ALJ properly evaluated the opinions of Jeffery Buncher, M.D., which are nothing more than conclusory statements that [Stevens] is 'disabled' with no supporting explanation." Id. The Commissioner argued that substantial evidence supports the ALJ's decision such that it should be affirmed. Id. at 1, 8–14.

In reply, Stevens rebutted the Commissioner's brief by reiterating his argument that the ALJ did not comport with the provisions of 20 C.F.R. § 404.1520c in his evaluation of Dr. Buncher's opinions. ECF No. 18 at 1–2. Stevens argued that the

Commissioner was making an impermissible post-hoc rationalization when he argued that the ALJ considered many factors in his evaluation of Dr. Buncher's opinions. Id. at 3.

The magistrate judge recommended that the court affirm the Commissioner's decision. R&R at 1. The magistrate judge explained that, "the applicable regulations require ALJs to consider the persuasiveness of each medical opinion of record in accordance with the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion." Id. at 12 (citing 20 C.F.R. § 404.1520c(b), (c)). The magistrate judge also noted the parties' disagreement as to whether the ALJ properly evaluated Dr. Buncher's opinions as medical opinions in accordance with 20 C.F.R. § 404.1520c. Id. at 19. She then agreed with the Commissioner and recommended that this court find that Dr. Buncher's opinions do not constitute medical opinions because Dr. Buncher identified what he considered to be the relevant diagnoses but did not set forth Stevens's abilities or specify limitations on his ability to perform the demands of work activities. Id. at 20. "Rather, he simply conveyed his unexplained conclusion that [Stevens] was totally disabled and that he could not perform five specific jobs." Id. Consequently, the magistrate judge recommended that this court find that the ALJ did not err in his application of 20 C.F.R. § 404.1520c because the rules governing medical opinions did not apply to Dr. Buncher's opinions since Dr. Buncher's opinions did not constitute medical opinions within the meaning of 20 C.F.R. § 404.1513(a)(2) and applicable

caselaw. Id. at 20–21. As such, the magistrate judge recommended the court affirm the Commissioner's decision. Id. at 21.

Stevens objects to the R&R and requests that this court find that the Commissioner's decision is not supported by substantial evidence and contains errors of law, which warrant reversal and remand for further administrative proceedings. ECF No. 21 at 1. Stevens concedes that Dr. Buncher's opinions in the Disability Medical Evaluation Form may be of a conclusory nature.[2] Id. at 3. But he submits that Dr. Buncher's opinions in the Physician Verification section for five separate job descriptions prepared and presented to him by Dynamic Vocational Consulting should be deemed to constitute "medical opinions." Id. (citing Tr. 738–42). Stevens further contends that a case cited by the magistrate judge as authority to support her finding is factually distinguishable from this case. Id. at 4 (citing Stephen R. v. Kijakazi, 2021 WL 4237154 (D.S.C. Sept. 17, 2021)). Namely, the list of job descriptions that Dr. Buncher considered explicitly required Dr. Buncher to evaluate whether Stevens could perform each job and implicitly required Dr. Buncher to state the physical functions that were limited or restricted since each job description set out the required physical functions. Id.

The Commissioner replied to Stevens's objections to say that the form prepared by Dynamic Vocational Consulting and signed by Dr. Buncher consisted of only five job descriptions, next to which Dr. Buncher wrote "not able" and signed the form with no

---

[2] In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond, 416 F.3d at 315. A review of the record for clear error indicates that the R&R accurately summarized this case and the applicable law. Thus, the court adopts the R&R's recommendation and finds that Dr. Buncher's opinions in the Disability Medical Evaluation Form are not medical opinions, and, consequently, the ALJ did not err in his evaluation of them.

further explanation. ECF No. 23 at 2. The forms did not contain any statement about specific actions or physical requirements that Stevens could or could not do. Id. The Commissioner emphasized that Dr. Buncher's notations on the forms—without an explanation of Steven's particular abilities and restrictions—fall short of a medical opinion about what a person can still do or a statement that identifies particular abilities that were imposed by the claimant's impairments. Id. at 3. Thus, the Commissioner argues that Dr. Buncher's unclear, conclusory statements "cannot be considered a medical opinion under the regulations." Id. Further, the Commissioner emphasized that the form itself is akin to a doctor's statement that a claimant cannot perform certain past relevant jobs, and such a statement is "neither valuable nor persuasive." Id. (citing 20 C.F.R. § 404.1520b(c)(3)(vi)). Finally, the Commissioner observes that even if Dr. Buncher's statements were a "medical opinion," the ALJ properly discounted them and applied the applicable regulation in so doing. Id. at 4–5 (first citing Tr. 25; and then citing 20 C.F.R. § 404.1520c(a)). Consequently, the Commissioner urges the court to overrule Stevens's objections, adopt the R&R, and affirm the final decision of the Commissioner. Id. at 5.

Effective March 27, 2017, 20 C.F.R. § 404.1513 sets forth categories of evidence and, in relevant part, defines what constitutes a "medical opinion." Namely, "[a] medical opinion is a statement from a medical source about what [the claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). It sets forth a list of limitations or restrictions in the following abilities:

(i)   [Claimant's] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling,

>   or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (ii) [Claimant's] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (iii) [Claimant's] ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (iv) [Claimant's] ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 404.1513(a)(2)(i)–(iv).  The claimant must demonstrate that the evidence is a medical opinion within this definition to thereafter have the Commissioner consider it as a medical opinion in accordance with 20 C.F.R. § 404.1520c.  Pursuant to 20 C.F.R. § 404.1520c, an ALJ should consider and articulate in his decision how persuasive he finds all of the medical opinions of record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion, with supportability and consistency carrying greater weight than the other factors.  20 C.F.R. § 404.1520c.

The court agrees with the magistrate judge and finds that Dr. Buncher's vocational assessment—where he merely wrote "not able," dated, and signed five job descriptions without any analysis or explanation—does not constitute a medical opinion.  See Tr. 738–42.  To be sure, the job descriptions define the frequency of that job's standing, walking, sitting, climbing, lifting, bending, stooping, driving, and overhead.  Id.  However, Dr. Buncher indicated that Stevens was not able to do any of the five jobs.  Id.  Thus, the variance among the jobs—where some requiring bending and stooping, and others require occasional

lifting of various weights—provides little context as to Stevens's functional abilities.  See id.  Moreover, all five jobs require occasional standing and walking and frequent sitting.  Id.  Thus, without additional context it is unclear what requirement(s) make(s) Stevens unable to perform those jobs, and Dr. Buncher's signature and blanket statement that Stevens is "not able" certainly does not provide that context.  See id.  Consequently, the court finds that the ALJ did not err in his consideration of Dr. Buncher's opinions.

Caselaw clearly supports this finding.  For example, one court found that the Veterans' Affairs Disability Letter did not qualify as a medical opinion because, although it outlined the claimant's symptoms, the letter "d[id] not offer an opinion on what [the claimant] can still do despite [his] impairment(s)." Wooten v. Kijakazi, 2022 WL 4092439, at *10 (D.S.C. Sept. 7, 2022) (third alteration in original and internal quotation marks omitted).  Similarly, without additional context or description, Dr. Buncher's conclusory notes that Stevens is "not able" provides no meaningful opinion on what Stevens can still do despite his impairments.  See id.; see also 20 C.F.R. § 404.1513(a)(2).  Other courts have found that a doctor's statement and notes do not constitute a medical opinion even where they include the claimant's medical history, clinical findings, diagnoses, and treatment prescribed, because those notes did not also mention whether or how those findings would impact or limit the claimant's ability to work (i.e., no mention of the claimant's ability to perform any physical demands of work, mental demands of work, other demands or work or ability to adapt to environmental conditions).  Hubbard v. Kijakazi, 2024 WL 51128, at *9 (W.D.

Va. Jan. 4, 2024); see also Stephen R., 2021 WL 4237154, at *4 (finding statements to not constitute medical opinions because they did not set forth the claimant's abilities or specify limitations to his ability to perform mental demands of work activities). Dr. Buncher's vocational assessment falls well short of even that example. See Hubbard, 2024 WL 51128, at *9; Tr. 738–42.

Stevens's argument that Dr. Buncher's vocational assessment implicitly required Dr. Buncher to state the physical functions that were limited or restricted is unavailing because an implicit finding does not meet the standard enunciated by 20 C.F.R. § 404.1513(a)(2), which requires "a statement from a medical source." ECF No. 21 at 4. Moreover, even if the court were to construe Dr. Buncher's opinion as an implicit finding, it would provide no clarity and be of little help in determining the RFC because Dr. Buncher did not specify what aspect of each job made it unsuitable to Stevens's particular abilities. See id. As the R&R noted, Dr. Buncher "simply conveyed his unexplained conclusion that [Stevens] was totally disabled and that he could not perform five specific jobs." R&R at 20. Such an opinion does not constitute a medical opinion within the meaning of 20 C.F.R. § 404.1513(a)(2) and, as a result, the rules governing medical opinions, 20 C.F.R. § 404.1520c, do not apply.

In sum, the court overrules Stevens's objections, adopts the magistrate judge's recommendation in full, and finds that the Commissioner's findings are

supported by substantial evidence and further hold that he applied the correct law. See Hays, 907 F.2d at 1456.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　DAVID C. NORTON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**March 25, 2024**
**Charleston, South Carolina**

**AND IT IS SO ORDERED.**